[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-16003
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 5, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00074-CR-WTM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY SHANE CHILDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 5, 2008)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

In a three-count superceding indictment, a Southern District of Georgia

grand jury indicted appellant and his codefendant, James Lester Kimbrell III, in Count One of conspiracy to manufacture five grams of more of methamphetamine, in violation of 21 U.S.C. § 846, and in Count Two of possession of a List I chemical with intent to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2). It also indicted Kimbrell, in Count Three, of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). Kimbrell pled guilty to a two-count information, and appellant stood trial before a jury. The jury found appellant guilty on Counts One and Two, and the district court sentenced him to concurrent prison sentences of 262 months on Count One and 240 months on Count Two. Appellant now appeals his convictions on three grounds: the district court erred in denying (1) his motion to suppress evidence seized from the residence of Kimbrell's father (who consented to a search of his residence) and (2) his motion to dismiss the indictment for lack of a speedy trial, and abused its discretion in admitting into evidence, under Federal Rule of Evidence 403, a firearm found at the above residence.

The district court referred appellant's motion to suppress to a magistrate judge, who held an evidentiary hearing and recommended, in his report to the district court of October 11, 2006, that the motion be denied. The district court, adopting the magistrate judge's report and recommendation, denied appellant's

motion. We find no error in the magistrate judge's findings of fact or the reasoning underpinning his recommendation, and therefore find no error in the court's denial of the motion to suppress. We move therefore to the speedy trial issue.

"The Speedy Trial Act provides that a defendant must be brought to trial within [70] days of the filing of his indictment, or his first appearance before a judicial officer, whichever is later." United States v. Williams, 197 F.3d 1091, 1093 (11th Cir. 1999); 18 U.S.C. § 3161(c)(1). Certain periods of time, however, are excluded because they toll the 70-day period. 18 U.S.C. § 3161(h). The relevant provisions delineating excludable time include: (1) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;" and (2) "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(1)(F), (h)(7). Where a violation of the Speedy Trial Act has occurred, the appropriate remedy is dismissal of the indictment, either with or without prejudice. 18 U.S.C. § 3162(a)(2).

Throughout the period of delay between Kimbrell's plea hearing and sentencing, during which the district court was considering Kimbrell's revised plea

agreement, appellant and Kimbrell remained codefendants, and up until the date on which the court adjudged Kimbrell guilty at sentencing, Kimbrell was free to change his mind and proceed to trial, and the district court was free to reject the plea. Accordingly, because no motion for severance had been granted, the court's delay in considering Kimbrell's plea agreement properly was excludable under § 3161(h)(7). Furthermore, although the 18-month delay between the filing of the initial indictment against appellant and the beginning of his trial was "presumptively prejudicial," see United States v. Schlei, 122 F.3d 944, 987 (11th Cir. 1997), there is no reason to conclude that the Government did not diligently pursue prosecution, or that it did not have good faith reasons for delaying the trial. In sum, we find no merit in appellant's speedy trial issue.

We review the district court's admission of evidence pursuant to Rule 403 for an abuse of discretion. United States v. Jernigan, 341 F.3d 1273, 1284 (11th Cir. 2003). Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In evaluating the district court's ruling under Rule 403, we view the evidence in the light most favorable to admission, maximizing its probative value

4

and minimizing its undue prejudicial impact.  <u>Jernigan</u>, 341 F.3d at 1284.  "Only if the decision to admit evidence over a Rule 403 challenge is unsupportable when the evidence is viewed in the light most supportive of the decision will we say that the decision constitutes an abuse of discretion."  <u>Id.</u> at 1285.

The firearm had probative value because it allowed the Government to complete the story of the crime, and this probative value was not "substantially outweighed" by the danger of unfair prejudice because appellant was not charged with any weapons-related offenses, and simply seeing the firearm and hearing references to it would not have led a jury to convict him unfairly on a non-weapons-related charge.

**AFFIRMED.**